IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL KONOLD and DENISE
KONOLD,

          Plaintiffs,

          v.

SUPERIOR INTERNATIONAL
INDUSTRIES INC., SMALL WATER
SLIDES INC., and AQUATIC FACILITY
DESIGN INC.,

          Defendants.

12cv1347

**ELECTRONICALLY FILED**

## **MEMORANDUM OPINION RE: MOTIONS TO DISMISS (DOC. NOS. 6 AND 8)**

**I. Introduction**

Currently before the Court are Defendants Superior International Industries Inc. ("Superior"), Small Water Slides ("Small Water"),[1] and Aquatic Facility Design Inc.'s ("Aquatic's") (collectively "Defendants'") Motions to Dismiss (Doc. Nos. 6 and 8). Defendants argue that dismissal is appropriate pursuant to the *Colorado River* doctrine and Fed.R.Civ.P. 12(b)(6), and alternatively, ask for a more definite statement pursuant to Fed.R.Civ.P. 12(e).[2] Plaintiffs argue that the case should be remanded to the Court of Common Pleas of Indiana County. Because it appeared from the pleadings that no party wished for the case to proceed in this forum, on October 11, 2012, the Court ordered that the parties meet and confer in an attempt

---

[1] Small Water is a division of Superior. Doc. No. 1-1, ¶ 4.

[2] In its Reply Brief (Doc. No. 20), Aquatic raises a new argument relating to the statute of limitations. The Court has not considered this argument as it should have been included in the Motion to Dismiss and Brief in support thereof. Raising this new argument in the Reply Brief is highly prejudicial to Plaintiffs. *Cf. Alston v. Forsyth*, 379 F. App'x 126, 129 (3d Cir. 2010) (holding that a District Court should not consider new arguments raised in a Reply Brief on a Motion for Summary Judgment).

to come to an agreement on the disposition of this case. Doc. No. 16. On October 22, 2012, the parties filed Notices that they were unable to come to an agreement with regard to the disposition of this case. Doc. Nos. 17-19. Therefore, the Court will rule on Defendants' pending Motions to Dismiss. After careful consideration of Defendants' Motions to Dismiss and Briefs in Support thereof (Doc. Nos. 6-9), Plaintiffs' Responses in Opposition (Doc. Nos. 13 and 14), and Defendants' Replies (Doc. Nos. 20 and 21), and for the reasons that follow, Defendants' Motions to Dismiss (Doc. Nos. 6 and 8) will be **GRANTED in PART and DENIED in PART.**

## II. Procedural and Factual Background

When reviewing a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court accepts all factual allegations in the Complaint as true and draws all reasonable inferences in favor of Plaintiffs. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Taking Plaintiffs' factual allegations to be true solely for the purposes of this Memorandum Opinion, the facts of this case are as follows:

On October 14, 2011, Plaintiffs filed suit in the Court of Common Pleas of Indiana County ("Indiana County Complaint") against The J.S. Mack Foundation ("J.S. Mack") and the YMCA of Indiana County ("YMCA"). Doc. No. 8-3. The Indiana County Complaint consists of two counts, negligence and loss of consortium, against both J.S. Mack and YMCA. Id., ¶¶ 14-17. On December 19, 2011, J.S. Mack filed a Complaint to Join against Defendants (Superior, Small Water, and Aquatic) ("Third-Party Complaint"). Doc. No. 8-4. The Third-Party Complaint includes ten counts: negligence against all three Defendants; strict liability against Superior and Small Water; breach of warranty against Superior and Small Water; and breach of contract against all three Defendants. Id., ¶¶ 16-47.

On or about August 14, 2012, Plaintiffs filed suit in the Court of Common Pleas of Allegheny County against Superior, Small Water, and Aquatic. Doc. No. 1-1. On September 19, 2012, Defendants filed a Joint Notice of Removal in this Court. Doc. No. 1. The Complaint consists of five counts against all Defendants: negligence; professional negligence; strict liability; breach of warranty; and loss of consortium. Id., ¶¶ 23-39.

The case in Indiana County and the case presently before this Court both revolve around the same incident. On July 4, 2010, Mr. Konold was at the Mack Park Pool in Indiana County, Pennsylvania. Doc. No. 1-1, ¶¶ 8, 16. The Mack Park Pool was leased by the YMCA who, along with J.S.Mack, was responsible for operating the premises. Id., ¶¶ 8-9. Mr. Konold hit a bar which was located above the steps leading to the waterslide. Id., ¶¶ 18-19. He fell backwards onto the landing below and suffered severe injuries as the result of the fall. Id., ¶¶ 19-22. Sometime prior to 2010, Aquatic entered into a design services contract with J.S. Mack which included the swimming pool and waterslide at issue. Id., ¶ 12. Small Water manufactured the waterslide at issue. Id., ¶ 5.

**III. Standard of Review**

    **A. *Colorado River* Doctrine**

The *Colorado River* abstention doctrine allows a Federal Court to stay or dismiss a pending federal action, when there is a parallel ongoing state court proceeding. *Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 307 (3d Cir. 2009) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)). The doctrine is to be used sparingly because "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Id*. (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996)). Whether *Colorado River* abstention is appropriate is a two-part inquiry. *Id*. First,

3

there must be a parallel state proceeding that raises "substantially identical claims [and] nearly identical allegations and issues." *Id*. (quoting *Yang v. Tsui*, 416 F.3d 199, 204 n.5 (3d Cir. 2005)) (alteration in original). Second, Courts apply a multi-part test to determine if there are extraordinary circumstances meriting abstention. *Id*. at 307-08 (citing *Spring City Corp. v. Am. Bldgs. Co.*, 193 F.3d 165, 171 (3d Cir.1999)). If such extraordinary circumstances are present, the Court *may* stay or dismiss the action. *Spring City*, 193 F.3d at 173.

### B. Rule 12(b)(6)

In considering a Federal Rule of Civil Procedure 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed.R.Civ.P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the Complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the Complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 675, 679).

4

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Fowler*, 578 F.3d at 210. "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id.* at 210-11; *see also Malleus,* 641 F.3d at 560.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler*, 578 F.3d at 212; *see also Guirguis v. Movers Specialty Servs., Inc.*, 346 F. App'x. 774, 776 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563 n.8.

**C. Rule 12(e)**

Federal Rule of Civil Procedure 12(e) provides in pertinent part that, "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response . . . . " "Typically, the court restricts the use of this motion to pleadings suffering from 'unintelligibility rather than the want of detail.'" *Retzlaff v. Horace Mann Ins.*, 738 F.Supp.2d 564, 568-69 (D. Del. 2010) (quoting *United States. v. Bd. of Harbor Comm'rs*, 73 F.R.D. 460, 462 (D. Del. 1977)).

## III. Discussion

### A. Remand to Indiana County is Not Permissible

Plaintiffs request that this Court remand the action to the Court of Common Pleas of Indiana County. This Court does not have the authority to remand the case to the Court of Common Pleas of Indiana County. *Allied Signal Recovery Trust v. Allied Signal Inc.*, 298 F.3d 263, 270 (3d Cir. 2002); *Bloom v. Barry*, 755 F.2d 356, 358 (3d Cir. 1985) ("Remand means 'send back.' It does not mean 'send elsewhere.' The only remand contemplated by the removal statute is a remand 'to the State court from which it was removed.'") (quoting 28 U.S.C. § 1447(d)). This case was removed from the Court of Common Pleas of Allegheny County and can only be remanded to that Court. Thus, the relief Plaintiffs requests in their Responses in Opposition (Doc. Nos. 13 and 14) is not possible.[3]

The action must either: (a) remain in this Court; (b) be remanded to the Court of Common Pleas of Allegheny County' or (c) be stayed/dismissed under the *Colorado River* doctrine. Plaintiffs did not file a Motion to Remand within thirty days of the Notice of Removal and the Court's subject matter jurisdiction is not being challenged, therefore, remand is inappropriate. The Court will then turn to Defendants' argument that the case should be stayed/dismissed under the *Colorado River* doctrine.

---

[3] Even if the Court were to consider the relief sought in the text of the Responses, instead of the proposed Order, the relief sought by Plaintiffs is not possible. Remanding with directions to transfer to another jurisdiction is outside the authority of this Court.

**B. Abstention Under *Colorado River* is Not Appropriate**

Defendants argue that this case should be stayed or dismissed under the *Colorado River* doctrine. Because there are not extraordinary circumstances which convince the Court that it should not exercise its duty to hear the case, the Court will not address the parallelism issue.

The United States Court of Appeals for the Third Circuit has enumerated six factors to be considered whether extraordinary circumstances are present when deciding if abstention under *Colorado River* is appropriate. The factors to be considered are:

> (1) [in an *in rem* case,] which court first assumed jurisdiction over [the] property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether federal or state law controls; and (6) whether the state court will adequately protect the interests of the parties.

*Nationwide*, 571 F.3d at 308 (quoting *Spring City*, 193 F.3d at 171) (alteration in original). As this is not an *in rem* case, only factors two through six are relevant.

The second factor, inconvenience of the federal forum, weighs against abstention. Defendants' argument that Pittsburgh is more inconvenient for the parties than Indiana County is unconvincing. All counsel who have entered their appearances are from Pittsburgh, not Indiana County. Furthermore, even if the parties live closer to Indiana County, Pittsburgh is a short drive from Indiana County. The federal forum and the state forum are a short distance from each other and the federal forum is more convenient for counsel. Thus, the second factor weighs against abstention.

The third factor, the desirability of avoiding piecemeal litigation, weighs slightly in favor of abstention. However, the amount of duplication that would occur is vastly overstated by Defendants. There would be no need to duplicate the discovery that has already occurred in the Indiana County case and discovery that occurs in this case likewise will not have to be repeated

7

in the Indiana County case. Furthermore, any decision by the Court of Common Pleas of Indiana County on the merits of a claim would likely have *res judicata* or collateral estoppel effects on this Court and vice versa. Thus, there is no likelihood of inconsistent factual determinations.

The fourth factor, the order in which jurisdiction was obtained, weighs in favor of abstention. The Court of Common Pleas of Indiana County obtained jurisdiction eleven months prior to this Court obtaining jurisdiction.

The fifth factor, whether state or federal law applies, weighs in favor of abstention. All of the claims arise under state law. However, the argument that is continually raised by Superior and Small Water in their Brief (Doc. No. 7), that this Court applies a different state law when considering strict product liability claims, is without merit. *See infra,* discussion of applicable law for the strict liability claim.

The final factor, whether the state court would adequately protect the interests of the parties, weighs in favor of abstention.[4] This Court believes the Court of Common Pleas of Indiana County will fairly and efficiently handle this case.

Although four of the five factors weigh in favor of abstention and one factor weighs against abstention, this case is not one of exceptional circumstances that warrant this Court abstaining from its responsibility under the United States Constitution to hear cases and controversies of which it has jurisdiction. Accordingly, the case will not be stayed or dismissed under the *Colorado River* doctrine.

Superior and Small Water also argue that this relief should be granted because Plaintiffs did not adequately respond to their Motion to Dismiss. Superior and Small Water quote *Palmer v. Nassan*, 2010 WL 3303823, *2 (W.D. Pa. Aug. 20, 2010) (Schwab, J.) to advance their

---

[4] Plaintiffs do recognize that Pennsylvania Rule of Civil Procedure 2255(d) allows for recovery against Defendants even though they were joined in the Indiana County action by J.S. Mack.

argument. However, in *Palmer*, this Court did a detailed legal analysis before dismissing counts and merely noted that Plaintiff had not responded to those portions of the Motion to Dismiss. This was not the reason the counts were dismissed. The Court will not grant a Motion to Dismiss solely because the Response does not answer every argument in the Motion to Dismiss.

### C. Count II Fails to State A Claim Against All Defendants

Defendants argue, in the alternative, that Count II of the Complaint must be dismissed pursuant to Rule 12(b)(6). In particular, they claim that Plaintiffs have failed to comply with Pennsylvania Rule of Civil Procedure 1042.3, which requires that "[in] any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff [] shall file with the complaint, or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney." The United States Court of Appeals for the Third Circuit has held that the Rule is substantive state law and therefore must be applied by Federal Courts considering diversity cases. *Iwanejko v. Cohen & Grigsby, P.C.*, 249 F. App'x 938, 944 (3d Cir. 2007) (citation omitted). Count II alleges professional negligence on the basis that Defendants are architects and/or engineers, both professions licensed by the Commonwealth of Pennsylvania. Plaintiffs have not complied with the requirement to file the certification, and therefore Count II does not state a claim for which relief may be granted.

### D. Count III Fails to State a Claim Against Aquatic

#### *1. Restatement (Second) of Torts is the Applicable Law*

The first issue that must be addressed when deciding if Count III states a claim against Aquatic is the applicable law. The substantive law of the Commonwealth of Pennsylvania applies. 28 U.S.C. § 1652. However, there is a sharp split in this District on whether the Restatement (Second) of Torts or the Restatement (Third) of Torts applies in strict product

9

liability actions. *Compare Schiff v. Hurwitz*, 2012 WL 1828035, *5 (W.D. Pa. May 18, 2012) (Schwab, J.) (applying Restatement (Second) of Torts to a strict liability claim) and *Gross v. Stryker Corp.*, 858 F.Supp.2d. 466, 479-80 (W.D. Pa. 2012) (Fischer, J.) (same) *with Zollars v. Troy-Built, LLC*, 2012 WL 4922689, *3 (W.D. Pa. Oct. 16, 2012) (Ambrose, J.) (applying Restatement (Third) of Torts to a strict liability claim); *Lynn ex rel Lynn v. Yamaha Golf-Car Co.*, --- F.Supp.2d. ---, 2012 WL 3544774, *12 (W.D. Pa. Aug. 16, 2012) (Hornak, J.) (same); and *Spowal v. ITW Food Equip. Group LLC*, 2012 U.S. Dist. LEXIS 47614, *1-2 (W.D. Pa. Apr. 4, 2012) (Cohill, J.) (same).

"The question of which Restatement governs is important because the Restatement (Third) differs notably from its predecessor by integrating certain negligence-based foreseeability concepts into its analysis." *Lynn*, 2012 WL 3544774, *10 (citing Restatement (Third) of Torts, Products Liability § 1 cmt. a). The split has occurred because of differing interpretations of the relationship between the Pennsylvania Supreme Court's decision in *Beard v. Johnson & Johnson, Inc.*, 41 A.3d 823, 836 (Pa. 2012) and the United States Court of Appeals for the Third Circuit's decision in *Covell v. Bell Sports, Inc.*, 651 F.3d 357, 360 (3d Cir. 2011).

In *Covell*, the United States Court of Appeals for the Third Circuit predicted that the Pennsylvania Supreme Court would adopt the Restatement (Third) of Torts for strict product liability. *Id*. This was despite the fact that, only months earlier, the Pennsylvania Supreme Court had declined to do so in *Schmidt v. Boardman Co.*, 11 A.3d 924 (Pa. 2011). However, a few months after *Covell*, the Pennsylvania Supreme Court again declined to adopt the Restatement (Third) of Torts. *Beard*, 41 A.3d at 836.

"When [a Court of Appeals predicts how a state Supreme Court will rule], the district courts in this Circuit are to apply its predictive holding to legal questions arising under that

10

particular state law unless the state supreme court issues a contrary decision." *Lynn*, 2012 WL 3544774, *10 (quoting *Largoza v. Gen. Elec. Co.*, 538 F.Supp. 1164, 1166 (E.D. Pa. 1982)). Thus, the question is whether *Beard* is a "contrary decision" to *Covell*.

At least two sister District Courts within this Circuit have expressly held that *Beard* is a contrary decision to *Covell* and thus controls. *Carpenter v. Shu's Bees, Inc.*, 2012 WL 2740896, *1 (E.D. Pa. July 9, 2012); *Sikkelee v. Precision Automotive Corp.*, --- F.Supp.2d. ---, 2012 WL 2552243, *9 (M.D. Pa. July 3, 2012). This Court agrees with the *Sikkelee* Court that:

> [T]he Pennsylvania Supreme Court, by again declining to take advantage of the opportunity to adopt the Restatement Third, has indicated that the Restatement Second remains the law in Pennsylvania. Indeed, Justice Baer, in a concurring opinion, expressly observed the same, stating that "the current law of Pennsylvania . . . is Section 402A of the Restatement Second." [*Beard,* 41 A.3d] at 839 (Baer, J., concurring).

*Id*. Justice Baer further stated, "[r]espectfully, the Third Circuit misconstrued my joinder of Justice Newman's footnote as an inclination on my part to adopt the Restatement Third." *Beard*, 41 A.3d at 839 (Baer, J., concurring). Justice Baer, along with his two colleagues, have indicated that the United States Court of Appeals for the Third Circuit's prediction was based on an inaccurate assumption. Thus, this Court will apply the Restatement (Second) of Torts.

### 2. Aquatic Was Not a Seller Under Restatement (Second) of Torts

Restatement (Second) of Torts § 402A provides in relevant part that:

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

"The rule stated in this Section applies to any person engaged in the business of selling products for use or consumption. It therefore applies to any manufacturer of such a product, to any wholesale or retail dealer or distributor, and to the operator of a restaurant." Restatement (Second) of Torts § 402A cmt. f.

In this case, Aquatic entered into a design services agreement with J.S. Mack to design the pool and waterslide. Even assuming that Aquatic was somehow responsible for the sale of the waterslide as a one-time intermediary, it cannot be held strictly liable. "[T]he [Pennsylvania Supreme C]ourt [has] held that occasional sellers who are not in the business of selling or supplying such products are not 'sellers' subject to strict liability." *Walasavage v. Marinelli*, 483 A.2d 509, 514 n.1 (Pa. Super. 1984) (citing *Berkebile v. Brantly Helicopter Corp.*, 337 A.2d 893 (Pa. 1975)); *see Gavula v. ARA Servs., Inc.*, 756 A.2d 17, 20-21 (Pa. Super. 2000) (citing Restatement (Second) of Torts § 402A cmt. c). There are no averments in the Complaint that Aquatic was engaged in the business of selling waterslides. Paragraph 6 of the Complaint is a conclusory allegation that is not sufficient to survive a Motion to Dismiss.

**E. Count IV Fails to State a Claim Against Aquatic**

   *1. Plaintiffs Have Not Sufficiently Plead Breach of Express Warranty by Aquatic*

As this Court has previously recognized:

"Absent a demonstration that a promise or affirmative statement was made, how or by whom the promise was made, or what was in fact promised, a claim for breach of express warranty is not sufficiently plead." *Gross*, 2012 WL 876719, at *27 (citing *Delaney v. Stryker Orthopaedics, et al*, 2009 WL 564243, at *9 (D. N.J. March 5, 2009)). "Moreover, a mere recitation of the elements of a cause of action, absent any factual support, specification of a particular promise that became the basis of the bargain, or a showing that the promise was directed at the consumer, is insufficient to withstand dismissal." *Id*. (citing *Kester v. Zimmer Holdings, Inc.*, 2010 WL 2696467, at *10 (W.D. Pa. June 16, 2010) (McVerry, J)).

12

*Schiff*, 2012 WL 1828035, *6. In this case, Plaintiffs merely recite the necessary elements of breach of express warranty without any factual support or the necessary specificity. Accordingly, Plaintiffs do not state a claim for breach of express warranty against Aquatic.

### 2. *Plaintiffs Have Not Sufficiently Plead Breach of Implied Warranty by Aquatic*

Count IV of Plaintiffs' Complaint also alleges a breach of an implied warranty for a particular purpose pursuant to 13 Pa. C.S. § 2315. In order to be liable under Section 2315, Aquatic must be a "seller" as defined by 13 Pa. C.S. § 2103(a). A seller is defined as "[a] person who sells or contracts to sell goods." *Id*. Plaintiffs' Complaint only alleges that Aquatic is a "seller" under Section 2103(a). The facts only support a conclusion that Aquatic engaged in the service sector. This is insufficient to become a "seller" under § 2103(a). Thus, Plaintiff does not state a cause of action for breach of implied warranty.

**F. Defendants are not Entitled to a More Definite Statement**

Defendants also move for a more definite statement pursuant to Fed.R.Civ.P. 12(e).[5] As to Superior and Small Water, the Court finds that ¶ 17 of the Complaint meets the requirements of Fed.R.Civ.P. 8(a). Superior and Small Water can "reasonably prepare a response" without knowing exactly which bar caused Mr. Konold to fall. As to Aquatic, the Court finds that ¶ 24 of the Complaint meets the requirements of Fed.R.Civ.P. 8(a). Aquatic can "reasonably prepare a response" without more specific information. The fact that a better pleading may be possible if a more definite statement was ordered is not enough to warrant granting the Motion. *See* 5C

---

[5] Although Defendants Superior and Small Water title their Motion as a Motion pursuant to Fed.R.Civ.P. 12(b)(6), their argument is one pursuant to Fed.R.Civ.P. 12(e). To the extent Superior and Small Water argue that a lack of specificity as to which bar Mr. Konold hit his head on is grounds for dismissal under Fed.R.Civ.P. 12(b)(6), the Court rejects that argument.

Wright & Miller, *Fed. Prac. & Proc.* § 1377 (3d ed. 2004). Thus, Defendants' requests for more definite statements will be denied.

**IV. Conclusion**

In sum, even if this Court assumes that the parallelism prong of the *Colorado River* doctrine is met in this case, the five factors do not weigh in favor of dismissing or staying this case. Therefore, the Court will not abstain from hearing this case. Count II of Plaintiffs' Complaint does not state a claim for which relief may be granted against all Defendants and Counts III and IV do not state a claim for which relief may be granted against Defendant Aquatic. Defendants are also not entitled to a more definite statement. Accordingly, Defendants' Motions to Dismiss (Doc. Nos. 6 and 8) will be **GRANTED in PART and DENIED in PART.**

An appropriate Order follows.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All ECF Counsel of Record
    Hon. Thomas M. Bianco